The Changelloe.
Jonas T. Marsh, by his last will and testament, bearing date on the twenty-seventh of June, 1844, authorized his executors to make sale of his real and personal estate for the purposes of his will, and appointed Anthony Morse, John T. Marsh, and Samuel Oliver his executors. He also appointed Samuel Oliver the guardian of his children. The testator died on the seventh of July, 1844. Morse and John T. Marsh, two of the executors appointed by the testator, proved the will, and took upon themselves the burthen of administering the estate. Oliver, the other executor, did not prove the will, nor did he formally renounce *260 the executorship. " The bill charges that Samuel Oliver possessed himself of a large part of the testator’s personal estate, and collected and received the proceeds of the sale of the real estate to an amount far exceeding the amount of the debts paid by him; that although the business of the estate was transacted in the name of the complainants, who were the acting executors, yet that Oliver, although not sworn as an executor, was in reality an acting executor, and as such had almost the entire control of the proceeds of the sales and the business of said estate; that it was understood and agreed between the complainants, as acting executors, and Oliver that he should receive the proceeds of the estate, real and personal, and should apply the same according to the intention of the testator and the terms of his will. Samuel Oliver died on the third.of December, 1852, possessed of considerable personal and real estate, without having accounted for or paid over to the complainants the proceeds of the estate in his hands, having by his will given and bequeathed the bulk of his estate to the defendant, and appointed him sole executor of his will. After the death of Samuel Oliver the defendant became possessed of his estate, and took upon himself the' burthen of the execution of his will, and thereby, as the bill charges, became hable to account to the complainants, as surviving executors of Jonas T. Marsh, for the amount of his estate remaining in the hands of- the said Samuel Oliver at the time of his death. The bill further charges that the defendant has frequently, and within the last six years, acknowledged his obligation, and promised the complainants to account with them and to pay over the balance of. said estate so -remaining in his hands. The bill prays an account and a decree that the amount found due may be paid to the complainants.
-To this bill the defendant pleads the statute of limitations, and. by way of support to the-.plea, he denies that Samuel Oliver received any part of, the estate of the said Jonas. T. Marsh, except for-the..payment of debts due from Marsh, at - the time of his death, to' Oliver •; denies that Samuel Oliver *261 took any part in administering the said estate, or acted therein as executor, or received any of the assets in payment of debts due him from the estate; denies that the defendant, as executor of Samuel Oliver, received any part of the estate of Marsh, or that he ever acknowledged his indebtedness, as such executor, to the estate of Marsh, or promised to pay to the complainants, or either of them, any money, as due from the estate of Oliver to the estate of Marsh.
The cause is set down for hearing upon the plea, no evidence having been taken, bio exception is taken to the form of the pleading. As the case stands, the averments of the plea and answer must be taken as true. The plea denies that Samuel Oliver ever received any part of the estate of Marsh as executor, or as guardian for the children of the testator, or for any other purpose than in payment of debts due him. It denies virtually that he was in any sense a trustee of any of the funds of the estate, and that any acknowledgment of the indebtedness, or any promise to pay it, was ever made by the defendant.
Assuming, then, the truth of the averments of the plea, viz. that Samuel Oliver was not a trustee; that he died more than six years before the filing of the complainants’ bill; that no acknowledgment of the indebtedness was ever made by the defendant, it is clear that the plea of the statute of limitations is a good bar to any demand for moneys received by Samuel Oliver in his lifetime, even if, upon accounting, a balance should be found in his hands due to the estate of Marsh.
I presume the design of counsel was to submit only for the decision of the court, at this time, the question mainly discussed upon the argument, viz. whether, if the funds of the estate of Marsh came into the hands of Samuel Oliver, who was appointed an executor of the will (but who neither proved the will nor renounced the executorship), he thereby became a trustee of the estate, and whether, as such, the *262 claim against him may be barred by the statute of limitations.
The statute of limitations is a good plea in equity as well as at law. But the doctrine of equity is, that a direct trust, as between trustee and cestui que trust, is not reached by the statute. The rule, as stated by Chancellor Kent, is that the trusts intended by courts of equity not to be reached or affected by the statute of limitations are those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of this court. Kane v. Bloodgood, 7 J. C. R. 111.
The principle has been repeatedly recognised and acted upon in this court. Conover' s Ex’r v. Conover, Saxton 403; Wanmaker’s Ex’rs v. Van Buskirk, Ibid. 685; Allen v. Woolley, 1 Green’s Ch. 209; Stark v. Hunton, 2 Green’s Ch. 311; Dean v. Dean, 1 Stock. 429.
The difficulty is experienced in the practical application of the rule.
It is urged that, as an executor derives his authority from the will, he is invested with the office and with its rights before probate; that, as such, he is entitled to take the funds of the estate, and that he cannot be sued at law by his co-executors who have proved the will, although he has not joined in the probate; nor can an action at law be maintained against his executor for such funds after his death.
The rule, as it prevails at law, is not founded upon a very satisfactory reason, and does not prevail in equity. Killey v. Stanton, 1 Younge & Jervis 74; Davies v. Williams, 1 Simons 5; 2 Williams on Ex’rs 1625.
The reason assigned, viz. that an executor may afterwards prove the will, does not afford a very satisfactory reason why he may not be sued before making probate by the executors who have proved the will or by the administrator mm testamento annexo. By our statute, if an executor does not prove the will within forty days administration will be granted. Nix. Big. 276, § 7; and it would be no defence to *263 an action by the administrator that the defendant was appointed executor.
It would seem that, under the statute of this state, if the executor had actually renounced, or had failed for forty days to prove the will, the proper practice would be to permit the suit to be maintained against him, either by his co-executors who had proved the will or by the administrator. Whether he could or could not afterwards recall his renunciation or prove the will, could not in principle affect the right of action against him. But whatever may be the rule at law, or the validity of the reason upon which it is founded, such clearly is not the rule in equity.
Mor can mere inability to sue at law, arising from the reason assigned, alter the character of the trust or the right of the defendant to avail himself of the statute of limitations as a defence. It clearly could not operate in this case; for upon the death of the executor, Samuel Oliver, the reason ceased to operate. An action at law or in equity might have been maintained against his executor. More than six years have elapsed since his death. The fact, therefore, that a suit at law could not have been maintained against Samuel Oliver by the complainants, will not alter the nature of the trust nor relieve the claim from the operation of the statute.
Mor is there anything in the nature of the indebtedness itself from Samuel Oliver to the estate of Jonas T. Marsh which exempted it from the operation of the statute. It was not a direct trust falling within the exclusive jurisdiction of equity. The case made by the bill is, that Samuel Oliver had aided and assisted the executors in the settlement of the estate, and by their assent had received and paid out moneys belonging to the estate, and had in this capacity received more money belonging to the estate than he had accounted -for. Aside from his alleged character as trustee, it is clearly a mere case of indebtedness to the estate, for which an action at law might be maintained, and not a case of technical trust. He was not bound to settle for the moneys thus received as *264 executor of the estate or trustee of the heirs, but to settle with the executors of the estate as a debtor.
The equitable principle upon which the doctrine is founded, as stated by Lord Bedesdale, is, that if a trustee is in possession, and does not execute his trust, the possession of the trustee is the possession of the cestui,que trust; and if the only circumstance is, that he does not perform his trust, his possession operates nothing as a bar because his possession is according to his title. Hovenden v. Lord Annesley, 2 Scho. & Lef. 633.
If this bill were filed by the legatees under the will of Jonas T. Marsh, charging that the defendant, under color of his appointment as executor or of his office as guardian of the legatees, had acquired possession of the funds of the estate, and refused to execute the trusts, it would present a very different question. But the executors are in no sense the cestui que trusts of this fund. They are themselves the trusses of the estate, and bound to execute the trusts of the will. They have professed to do so by administering upon the estate and settling their accounts. As to them, Samuel Oliver had no trust to execute. He is not their trustee, nor are they his cestui que trusts. To exempt a trust from the bar of the statute, the question must arise between the trustee and cestui que trust. Lyon v. Marclay, 1 Watts’ R. 275.
Upon the case made by the plea there must be judgment for the defendant. If, however, it was desired by the complainants (as was intimated upon the argument) to take issue upon any of the material averments of fact made in support of the plea that course will be permitted.